UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS L. D'AQUIN                                    CIVIL ACTION

VERSUS                                               NO. 16-3862

MAYOR MITCH LANDRIEU, ET AL.            SECTION "R" (2)

## ORDER AND REASONS

Before the Court are motions to dismiss plaintiff Thomas L. D'aquin's complaint filed by defendants Gordon Secou;[1] Assurant, Inc.;[2] Brian Lapeyrolerie;[3] Penske Truck Rental;[4] Judge Herbert Cade;[5] Tulane Educational Fund;[6] Mayor Mitch Landrieu;[7] and New Orleans Police Department.[8]  Also before the Court is plaintiff's motion to file an amended complaint.[9]  The Court GRANTS plaintiff's motion to file an amended complaint, but because plaintiff's amended complaint fails to state a claim, the Court GRANTS defendants' motions.

---

[1]      R. Doc. 9.
[2]      R. Doc. 14.
[3]      R. Doc. 17.
[4]      R. Doc. 23.
[5]      R. Doc. 30.
[6]      R. Doc. 31.
[7]      R. Doc. 34.
[8]      *Id.*
[9]      R. Doc. 11.

## I.    BACKGROUND

Plaintiff Thomas L. D'aquin filed this *pro se* lawsuit on April 29, 2016. Plaintiff sued twenty-two defendants, and while his complaint is difficult to understand, the complaint appears to allege that various actors in the New Orleans criminal justice system conspired to threaten plaintiff, ignore his complaints, and deprive him of his constitutional rights.[10]    Plaintiff's complaint, however, is not limited to public officials; he sues private citizens and corporations as well.   Plaintiff's complaint additionally alleges that the defendants violated various federal criminal hate crime statutes, as well as 42 U.S.C. § 1983.   Plaintiff seeks $10,000,000 from each defendant. Defendants' motions seek dismissal pursuant to both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under that rule allow a party to challenge the court's subject

---

[10]    R. Doc. 1 at 2-4.  Though plaintiff does not identify any specific constitutional provision, he alleges that he was arrested without probable cause and subject to an unlawful search and seizure.  *Id.* at 4.

matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas*, No. 03-2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006).

If the court lacks the statutory or constitutional power to adjudicate a claim, the claim must be dismissed for lack of subject matter jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). When "a private citizen relies on a federal statute as the basis of federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint

supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro*, 74 F.3d at 659. A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### B.    Rule 12(b)(6)

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not

bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

Finally, because plaintiff is a *pro se* litigant, the Court will apply "less stringent standards to parties proceeding *pro se* than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th

Cir. 2009).  Therefore, even a liberally construed *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted."  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III.  DISCUSSION

The motions to dismiss attack plaintiff's complaint both on jurisdictional grounds and for failure to state a claim.  Each argument will be addressed in turn.

### A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  Here, there is no basis for diversity jurisdiction as the plaintiff and many of the defendants are Louisiana citizens.  Though plaintiff does not mention federal question jurisdiction under 28 U.S.C. § 1331 in his complaint, he does allege that the defendants have violated federal law.  More specifically, plaintiff cites 18 U.S.C. § 242, 18 U.S.C. § 243, 18 U.S.C. § 249, and 42 U.S.C. § 1983.

Section 242 of Title 18 is a criminal statute that criminalizes deprivation of rights under color of law.  Section 243 is a criminal statute that criminalizes the exclusion of qualified jurors in any state or federal grand or

petit jury on the basis of race, color or previous condition of servitude. Section 249 is the federal hate crime statute.  Unless explicitly provided for in the statute, violations of criminal statutes do not provide a private right of action.  *See Lopez v. Dallas Ministry Center*, No. 12-0606, 2012 WL 1413526, at *2 (N.D. Tex. Mar. 9, 2012); *Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. Oct. 28, 1993) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). None of the criminal statutes cited by plaintiff provides for a private cause of action, and therefore cannot establish jurisdiction under 28 U.S.C. § 1331. *See Gill v. State of Texas*, 153 F.App'x 261, 262 (5th Cir. 2005) (stating 18 U.S.C. § 242 does "not provide a basis for civil liability"); *Hall v. Valeska*, 509 F. App'x 834, 837 (11th Cir. 2012) (holding that 18 U.S.C. § 243 does not provide a private right of action); *D'Aquin v. Starwood Hotels and Worldwide Properties Inc.*, No. 15-1963, 2015 WL 5254735, at *2 (E.D. La. Sept. 8, 2015) (holding that 18 U.S.C. § 249 "does not provide for any civil cause of action") (citation omitted).  Therefore, any claims brought under 18 U.S.C. §§ 242, 243, and 249 must be dismissed for lack of subject matter jurisdiction.  *See ViewPoint Bank*, 972 F. Supp. at 954.

Plaintiff does appear to bring an action under 42 U.S.C. § 1983, which is sufficient to grant the Court subject matter jurisdiction.  Therefore, the Court will address the sufficiently of plaintiff's section 1983 claim.

## B.    Failure to State a Claim

Plaintiff asserts a section 1983 claim against various public and private defendants.  Section 1983 provides a civil remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of state law.  *See Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).  The "under color of state law" requirement means that the defendant in a section 1983 action must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).  This excludes purely private conduct, no matter how wrongful. *See American Mfrs. Mut. Ins. Co v. Sullivan*, 526 U.S. 40, 50 (1999).

### 1.    *Private Defendants*

Plaintiff's complaint names private actors and private corporations as defendants. And while private actors can be liable under section 1983, there will be liability only if the plaintiff alleges that the private actor conspired or acted in concert with state actors.  *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).  The Fifth Circuit has previously held that the plaintiff must allege an agreement between the public and private defendants to commit an illegal act and deprive the plaintiff of constitutional rights.  *Id.*

Allegations that are merely conclusory, without reference to specific facts, will not suffice.  *Id.* (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).  Plaintiff's complaint does not allege an agreement between the public and private defendants, nor does it allege specific facts to show an agreement.  Therefore, plaintiff's claims against the Tulane Educational Fund, Maurice Landrieu, Brian Lapeyrolerie, Bill Lemoine, Assurant, Inc., and Penske Truck Leasing Co. are dismissed.

### 2.   *Public Defendants*

As mentioned above, to state a viable section 1983 claim, the plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and show that the violation was committed by a person acting under color of state law.  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).  The only identifiable rights in plaintiff's complaint secured by the Constitution or federal law are the Fourth Amendment rights against unreasonable searches and seizures and against unlawful arrest.

Aside from conclusorily alleging that he was arrested without a warrant and that his property was illegally searched, plaintiff's complaint alleges no specific facts to support the conclusion that his Fourth Amendment rights were violated.  Plaintiff's complaint does not disclose the date or location of his arrest, the charge, the identity of the arresting officer, or who allegedly

searched his property unlawfully. Thus, the complaint is devoid of detail, let alone any factual basis to support the conclusion that plaintiff's Fourth Amendment rights were violated. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 363 (5th Cir. 2003). Merely citing the elements of a Fourth Amendment claim will not suffice. *Iqbal*, 556 U.S. at 677. Plaintiff's *pro se* status does not relieve him of the obligation to set forth facts giving rise to a claim on which relief may be granted, *Johnson*, 999 F.2d at 100, and he has not done so. Therefore, plaintiff's remaining claims are dismissed.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to amend his complaint is GRANTED. Defendants' motions to dismiss are GRANTED. Plaintiff's amended complaint is DISMISSED in its entirety.[11]

New Orleans, Louisiana, this   9th   day of December, 2016.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11]   This plaintiff has filed at least 15 cases in this district since February 2015. Eight have already been dismissed either for failure to state a claim or on jurisdictional grounds.